OPINION
The State of Ohio appeals a judgment of the Municipal Court of Lancaster, Fairfield County, Ohio, which dismissed the charges against defendant Holly B. Sherrick. Appellee was charged with operating a motor vehicle with a prohibited concentration of alcohol on her breath, but the court sustained her motion to suppress the evidence of the breathalyser test, finding the State had failed to demonstrate it had complied with Ohio Department of Health Regulations in administering the test and maintaining the breath testing instrument. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 I. THE TRIAL COURT ERRED IN FINDING THAT THE STATE HAD FAILED TO SUBSTANTIALLY COMPLY WITH THE DEPARTMENT OF HEALTH REGULATION AND SUPPRESSING THE BREATH TEST RESULTS.
The parties stipulated to the facts of the case. The stipulations are:
1. Calibration checks were performed on the Intoxilyzer 5000 machine located at the Lancaster City Police Department weekly as is required by the ODH Regulations.
2. On August 31, 1997 a valid calibration check was performed on the test machine using Bottle #415 from Batch #96130. ( See Exhibits #1 and #2)
3. On September 7, 1997 a valid calibration check was performed on the test machine using Bottle #415 from Batch #96130. (See Exhibits #3 and #4)
4. Batch #96130 was approved by the Director of the Ohio Department of Health (See Exhibit #5)
5. The subject test in Case No. 97TRC9310 was performed on September 6, 1997.
6. When conducting calibration checks, if the result was within .005 of the target value, the Senior Operator performing the check would complete the check list and place the test ticket and the checklist in the binder to be saved with the other calibration check records and test results.
7. If a calibration check resulted in a value outside the permissible range, the Senior Operator would discard the solution, and run a second test with another fresh solution through the machine to see if it would yield a valid test result.
8. If the second test yielded a valid test result, the check list would be completed and the test ticket and check list would be saved in the binder with the other calibration check records and test results.
9. The ticket from an invalid test would be discarded if the second test was valid.
10. If the second test yielded a result outside of the .005 range allowed by the regulations, then the second test results would be saved in the binder and the machine would be taken out of service.
11. Bottle #415 was first used on August 3, 1997.
12. The procedure outlined in Paragraphs 1, 6, 7, 8, 9, and 10, were employed for three (3) years prior to the date of the test in this matter, to wit, September 6, 1997.
13. There were no records discarded from either calibration check run on August 30, 1997 or September 7, 1997.
The Ohio Administrative Code set forth standards for maintaining and checking the calibration of breath testing instruments and administering tests. Ohio Administrative Codes Section 3701-53-04 states in pertinent part:
 (A) Approved evidential breath testing instruments shall be checked for calibration no less frequently than once every seven days by a senior operator using a solution of ethyl alcohol approved by the director of health and using the calibration checklist for the instrument being checked, as set forth in appendices A to G to this rule.
 (1) A calibration check of a breath testing instrument is valid when the result of the calibration check is at target value plus or minus five one-thousandths (0.005) grams per two hundred ten liters. The results of a calibration check shall be recorded on a calibration checklist. A calibration solution shall not be used more than three months after its date of first use. The date of first use for the calibration solution and its identification data shall be recorded on the calibration checklist used for that calibration check.
 (2) Results of a calibration check which are outside the range specified in paragraph (A)(1) of this rule shall be confirmed by the senior operator using another bottle of calibration solution, which may be from any approved lot. If this calibration check also is out of the range, the instrument shall be taken out of service until the problem has been corrected.
 (C) Results of calibration checks and records of calibration, maintenance and repairs shall be identified and retained, in accordance with paragraph (A) of rule 3701-53-01 of the Administrative Code.
The results of the tests are to be identified and retained for not less than three years, see Ohio Administrative Code3701-53-01(A).
The trial court cited its opinion in State of Ohio v. Walton
(September 25, 1997), Lancaster Municipal Court #97TRC09997, unreported. In Walton, the Municipal Court found disposing of the invalid calibration checks violated the Ohio Department of Health regulations, and warranted suppression of the test on Ms. Walton.
Unfortunately, during the pendency of this appeal, this court reversed the trial court's ruling in State v. Walton, supra,
finding the record demonstrated the State had substantially complied with the Department of Health Regulations, and the reliability of Walton's test was not compromised. This court concluded the trial court should not have suppressed the evidence, see State v. Walton (March 26, 1998) Fairfield App. # 97CA00063, unreported.
Appellant cites us to State v. Griffith (September 21, 1988), Summit Appellate #13551, unreported, wherein the Ninth District
Court of Appeals held a failure to record the results of an unsuccessful calibration check, as here, called the integrity of the calibration and hence the test results into question. The Ninth District held procedures such as the one followed in the case at bar are not in substantial compliance with Ohio Department of Health Regulations.
While we acknowledge the assertion of the Summit County Court of Appeals that when the integrity of the calibration is in question, the test results that follow must also be questioned, we find the integrity of the calibration here is not in question, because pursuant to the requirements of the Ohio Administrative Code, there were never two consecutive failures at calibration which would require further investigation into the accuracy of the instrument. To the contrary, all the stipulations lead to the conclusion the instrument was in proper working order as outlined by the Administrative Code.
In fact, there were no single failures at calibration during the time frame of appellee's test, see Stip. 13, supra.
We reaffirm our prior ruling in State v. Walton, supra, and hold the State has substantially complied with the Department of Health Regulations. We concluded the trial court should not have suppressed the results of the breath test.
The assignment of error is sustained.
For the foregoing reasons, the judgment of the Municipal Court of Lancaster, Fairfield County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, J., Farmer, P.J., concur.
Hoffman, J., dissents.